UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Joanne Richman, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 2:24-cv-01138-BHH |
| v. | ) | |
| | ) | |
| RB Historic Charleston, LLC, d/b/a Emeline, | ) | **JOINT ANSWERS TO** |
| | ) | **LOCAL CIV. RULE 26.03 (D.S.C.)** |
| Defendant. | ) | **INTERROGATORIES** |
| | ) | |

Pursuant to Rule 26.03 (D.S.C.) of the Local Civil Rules for the United States District Court for the District of South Carolina, Plaintiff Joanne Richman (hereinafter, "Plaintiff") and Defendant RB Historic Charleston, LLC, d/b/a Emeline (hereinafter, "Defendant") (collectively, "the Parties"), by and through their undersigned counsel, submit the following responses to Local Civil Rule 26.03 (D.S.C.) Interrogatories.

(1)  A short statement of the facts of the case.

   **ANSWER: This premises liability case arises from an alleged incident occurring on or about May 31, 2023, at the Emeline Hotel, located at 181 Church Street, Charleston, South Carolina. Plaintiff Joanne Richman ("Plaintiff") alleges claims of negligence and/or recklessness. Defendant has denied Plaintiff's allegations and has asserted affirmative defenses.**

(2)  The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

   **ANSWER: Upon information and belief, the Parties assert that the following named persons could be witnesses to this incident:**

   a)  **Plaintiff Joanne Richman**
       **c/o Ryan P. Alderson, Esquire**
       **Michael A. Melonakos, Esquire**
       **The Melonakos Law Firm**

       **Plaintiff is expected to testify about the allegations set forth in her Complaint.**

    **b)**    **Treating physicians who provided treatment to Plaintiff**
**Addresses unknown at this time.**

    **Plaintiff's treating physicians are expected to testify about Plaintiff's condition at the time of treatment and future medicals.**

    **c)**    **Witnesses identified by Plaintiff**
**Addresses Unknown at this time.**

    **It is unknown as to what they will testify to at this point in the investigation.**

    **d)**    **A representative(s) of Defendants**
**c/o Andrew T. Smtih, Esquire**
**Christian Stegmaier, Esquire**
**Collins & Lacy, PC**

    **It is unknown as to what they will testify to at this point in the investigation.**

    **e)**    **Additional witnesses may be identified as discovery progresses.**

(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**ANSWER: The Parties have not retained the services of an expert at this time. However, based upon the allegations contained in the Complaint, the Parties possibly would identify the services of an expert or experts in the fields of premises liability, human factors, and/or medical experts.**

(4) A summary of the claims or defenses with statutory and/or case citations support the same.

**ANSWER:** **Plaintiff has alleged a claim for negligence and/or recklessness against Defendant. Defendant incorporate by reference the affirmative defenses set forth in their Answer. In addition, and reserving the right to rely on additional law that is identified during case investigation, or on any additional claims or defenses in any subsequent pleadings, the Parties expect to rely on the following statutory and case citations:**

    **a)**    **Failure to state a claim: Fed. R. Civ. P. 12(6) and interpreting case authority; see also Lambeth v. Bd. of Commissioners, 407 F.3d 266, 268 (4th Cir. 2005).**

    **b)**    **Failure to join a necessary party: Fed. R. Civ. P. 12(b)(7) and interpreting case authority.**

      c)      **Standard of care (i.e., general elements required to prove negligence): <u>Thomasko v. Poole</u>, 349 S.C. 7, 561 S.E.2d 597 (2002).**

      d)      **Intervening negligence/causation: <u>Bishop v. South Carolina Dep't of Mental Health</u>, 331 S.C. 79, 502 S.E.2d 78 (1998).**

      e)      **Third-party action over whom Defendant had no control: <u>Young v. Tide Craft, Inc.</u>, 242 S.E.2d 671 (1978); <u>Small v. Pioneer Machinery, Inc.</u>, 450 S.E.2d 609 (S.C. Ct. App. 1994).**

      f)      **Intervening/superseding negligence: <u>Claytor v. General Motors Corp.</u>, 277 S.C. 259, 286 S.E.2d 129 (1982); <u>Young v. Tide Craft, Inc.</u>, 270 S.C. 453, 242 S.E.2d 671, 1 A.L.R.4th 394 (1978).**

      g)      **Comparative/contributory negligence: <u>Nelson v. Concrete Supply Co.</u>, 399 S.E. 2d 783 (S.C. 1991).**

      h)      **Lack of proximate causation (i.e. general elements required to prove negligence): <u>Thomasko v. Poole</u>, 349 S.C. 7, 561 S.E.2d 597 (2002).**

      i)      **Misuse, alteration, modification, or lack of maintenance of product: <u>Young v. Tide-Craft, Inc.</u>, 270 S.C. 453, 242 S.E.2d 671 (1978)**

      j)      **Setoff: S.C. Code Ann. 15-38-50(1) and interpreting case authority.**

      k)      **Punitive damages: <u>Phillip Morris USA v. Williams</u>, 546 U.S. 346 (2007); <u>State Farm Mutual Automobile Insurance Company v. Campbell</u>, 538 U.S. 408 (2003); and <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559 (1996).**

      l)      **South Carolina Fairness in Civil Justice Act of 2011: S.C. Code Ann. §§ 15-32-510 to 15-32-540 and interpreting case authority.**

(5) Absent special instruction from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02 (D.S.C.): (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and (b) completion of discovery.

**<u>ANSWER</u>: The Parties have submitted a Rule 26(f) Report and Consent Amended Conference and Scheduling Order for the court's review.**

(6) The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. *See generally* Local Civil Rule 16.02©(D.S.C.)(Content of Scheduling Order).

**ANSWER:** <u>See</u> **the Parties' Answer to number 5, above.**

(7) The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01(D.S.C.)) or otherwise requested by the assigned judge.

**ANSWER:** **Nothing at this time.**

[SIGNATURE PAGE FOLLOWS]

| | |
|---|---|
| THE MELONAKOS LAW FIRM | COLLINS & LACY, P.C. |
| *s/Ryan P. Alderson* | *s/Andrew T. Smith* |
| RYAN P. ALDERSON | CHRISTIAN STEGMAIER |
| Federal Bar #: 12693 | Federal Bar #: 8007 |
| ryan@scinjuryattorney.com | cstegmaier@collinsandlacy.com |
| MICHAEL A. MELONAKOS | ANDREW T. SMITH |
| Federal Bar #: 11400 | Federal Bar #: 13814 |
| 1310 Augusta Street | asmith@collinsandlacy.com |
| Greenville, SC 29605 | Post Office Box 12487 |
| 864.485.5555 (voice) | Columbia, SC 29211 |
| 864.752.1600 (fax) | 803.256.2660 (voice) |
| | 803.771.4484 (fax) |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

April 4, 2024
Columbia, South Carolina